NO. 8604

COURT OF APPEAL

PARISH OF ORLEANS

————

STATE ex rel LOUIS MEYER

8604

versus

ESTATE OF MRS. SARAH GRIFFIN,

widow of GEORGE BRADFORD HOLMES.

————

Dinkelspiel; J.

This is an application for writs of prohibition and
mandamus, directed to the Honorable Fred D. King, Judge of
Division "B" of the Civil District Court for the Parish of
Orleans, and the claim is that relator filed in the Civil
District Court, executory proceedings against the Estate
of Mrs. Sarah Griffin, widow of George Bradford Holmes;
further alleging that the heirs of the said Mrs. Griffin
reside outside of the State of Louisiana and that the Hon-
orable Fred D. King, one of the Judges of the Civil District
Court, to whom said proceedings were alloted, appointed
Meyer S. Dreifus, curator ad hoc, to represent the said
estate and the absent heirs of the deceased.   Alleging
further that said curator ad hoc filed a suit to enjoin
the said executory proceedings, suggesting that the obli-
gation sued upon was prescribed and praying that an injunc-
tion without bond should issue, and that relator having been
served with a copy of petition for injunction and cited to
appear and answer, filed an application directed to the
plaintiff, ordering him to furnish bond as security for
costs, which motion was granted and bond fixed at the sum
of Twenty Five Dollars.   Subsequently, curator ad hoc,
having been served with the notice to give bond, moved
that said order be annulled, which motion was granted by
the Judge and the order annulled.   And alleging further
that under the law, in any suit or proceeding, a defendant
is entitled to security for costs, and that no proceedings
can be hand in any suit until such security for costs has
been furnished and that in violation of law and the rights
of relator, the Judge of said Court, annulled the order
for bond, hence this application for mandamus.

The Judge in his return says that the relator in this case, Louis Meyer, is the original plaintiff in suit No. 140,859 of the Docket of the Civil District Court and that he obtained an order for the issuance of a writ of executory process upon an obligation executed by one Mrs. Sarah Griffin, widow of George Bradford Holmes, on August 4th, 1913, payable one year after the date of its execution, and bearing interest at seven per cent from that date until paid, paraphed by notarial act and secured by a mortgage upon improved real estate within the Parish of Orleans, the maker of the note, according to allegation of the plaintiff's petition, died, no succession was opened and an allegation is made that the heir is a non-resident, whose whereabouts are unknown.

Under these allegations the Judge appointed the curator ad hoc; curator filed a petition for injunction, which the Judge believed he was entitled to file, in accordance with Article 739 of the Code of Practice, and Article 740, which exempted him from furnishing a bond and security for costs, and the Judge cites Section 4 of Act 136 of 1880.

And further the Judge answers that he considered that the plaintiff in the original suit had no right to avail himself of the Act referred to, as he was, and is, strictly at all times, the plaintiff in the main demand, and the Act is expressly reserved for the benefit of the defendant in the main suit, and that the fact that an injunction was applied for by the curator ad hoc, appointed to represent the defendant, did not change the character of Louis Meyer from that of plaintiff to that of defendant so as to permit him to force an officer of the Court, appointed to represent an absent defendant, to furnish a bond for costs in order to have that officer fully perform his duty  And the Judge prays that the writ in question be denied.

Section 4 of the Act 136 of 1880 provides:

"That the defendant in any cause or proceeding shall have the right to require the plaintiff or party prosecuting the same to give bond or other security in such amount as may be fixed by the Court, to secure the re-payment at final termination of the cause of all costs expended by the defendant therein. That the order requiring such bond or security for costs shall issue ex-parte on the application of the party, without costs, and no further proceeding shall be had in such cause until such bond or security has been furnished."

The other portions of the Act provide that in case of failure to furnish bond, it shall operate as a dismissal/and the proceedings as in case of non-suit, and that in all cases the surety for costs shall be considered a party to such suit or proceeding, and shall be condemned for the amount of costs recoverable in solido with the party cast in the final judgment in such proceeding.

A careful examination of this Act convinces us that under the law the plaintiff in injunction in this suit, was not such a plaintiff, as contemplated by the Act; he was representing the defendant, an absentee by an appointment of the Court and the mere fact that in his opinion and the interest of justice, under the circumstances of this particular case, that he thought it prudent to apply for the writ of injunction, did not constitute in him as a plaintiff but that he simply represented the absentee as if he had been an original defendant in the suit, hence not being an independent suit, was not required to give security for costs.

In the case of State ex rel Nelson & Poppleton against the Judge of the Sixth District Court, Parish of Orleans, which case is in the 25th Ann. page 227, in the syllabus, the Court says:

"Where the defendant, after pleading to the merits, made a reconventional demand, and the judge refused to fix

329

the cause for trial unless the defendant should give security for costs; held, that there is no known law or practice which could justify his conduct, and that none had been referred to by said judge."

In the body of the opinion the statement made in the syllabus is carried into effect.

Under these circumstances we do not consider that the mandamus herein prayed for should be allowed.

It is therefore ordered, adjudged and decreed, that the preliminary order and the writ of mandamus directed to the Judge be rescinded and that the mandamus applied for be denied.

—Application for mandamus denied.